IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley Green, | ) | C/A No. 0:16-2860-CMC-PJG |
|         Plaintiff, | ) ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Nancy A. Berryhill, Acting Commissioner of Social Security,[1] | ) ) ) ) | |
|         Defendant. | ) ) ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). Plaintiff Stanley Green brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") dismissing his claims for Disability Insurance Benefits ("DIB"). The Commissioner filed a motion to dismiss on March 3, 2017, arguing that the court lacks jurisdiction to consider this appeal. (ECF No. 11.) In response, Green filed a notice stating that "he will not file any opposition to the Defendant's Motion to Dismiss." (ECF No. 12.)

Having reviewed the parties' submissions and the applicable law, the court recommends that the Commissioner's motion to dismiss (ECF No. 11) be granted and that Green's Complaint be dismissed for lack of subject matter jurisdiction. See McGowen v. Harris, 666 F.2d 60, 65-66 (4th

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.



Cir. 1981) (discussing the law applicable to subject matter jurisdiction and *res judicata* in cases involving claims for Social Security benefits); see also 42 U.S.C. § 405(g), (h).

                                                              _____
                                                              Paige J. Gossett
                                                              UNITED STATES MAGISTRATE JUDGE

March 15, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).